# United States District Court
## for
## Middle District of Tennessee
## Superseding Petition for Summons for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 103]

Name of Offender: <u>Brittan Kettles</u>          Case Number: <u>3:11-00211</u>

Name of Sentencing Judicial Officer: <u>The Honorable  Kevin H. Sharp, U.S. District Judge</u>

Date of Original Sentence: <u>June 6, 2012</u>

Original Offense: <u>Count 1. 18 U.S.C § 471, Manufacturing Counterfeit Federal Reserve Notes; Count 2. 18 U.S.C. § 473, Dealing in  Counterfeit Federal Reserve Notes, Count 3. 18 U.S.C § 471 Manufacturing Counterfeit Federal Reserve Notes; Count 4. 18 U.S.C. § 473 Dealing in Counterfeit Federal Reserve Notes.</u>

Original Sentence: <u>24  months' on each Count to run concurrently. and 3 years' supervised release, each Count concurrent.</u>

Type of Supervision: <u>Supervised release</u>          Date Supervision Commenced: <u>May 28, 2013</u>

Assistant U.S. Attorney: <u>Louis Crisostomo</u>          Defense Attorney: <u>Isaiah Gant</u>

---

### PETITIONING THE COURT

| | |
|---|---|
| __X__ | To Consider Additional Violations/Information. |
| ___ | To issue a Summons. |
| ___ | To issue a Warrant. |

---

### THE COURT ORDERS:
☑ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Considered this **23rd** day of **Sept**, 2014, and made a part of the records in the above case.

_[signature]_
Kevin H. Sharp
U.S. District Judge

_[signature]_
Jim Perdue
Deputy Chief U.S. Probation Officer

Place   Nashville, TN

Date   September 23, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 103, has been amended as follows:

**Violation No. 6 and 7 has been added to inform the Court of a new arrest while the offender was on bond for this summons. Additionally, the recommendation has been adjusted to reflect the new range and recommendation for custody.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation No.   Nature of Noncompliance**

**1.**         **The defendant shall not leave the judicial district without the permission of the court or probation officer.**

On August 19, 2014, I received information from the Carbondale, Illinois Police Department that Mr. Kettles was in Carbondale, Illinois. On August 20, 2014, the offender acknowledged that he left the Middle District of Tennessee on August 18, 2014 and only returned to the Nashville area on August 20, 2014. He admitted that he did not have permission to leave the district and was aware it was prohibited without permission. He acknowledged his understanding of this condition by stating, "that is why I lied to you."

**2.**         **The defendant shall answer truthfully all inquiries by the probation officer.**

On August 20, 2014, at approximately 9:37 am, the offender answered his mobile phone and stated that he was in Murfreesboro, Tennessee. He denied being in Illinois. He was instructed to report within an hour to the probation office. When Mr. Kettles did not report as directed he was again contacted. He stated that his boss, "Vedo" was not available to bring him to the probation office. He was again instructed to report to the probation office within the hour.

At 3:38 pm, Mr. Kettles reported to the probation office when it was later discovered he had just returned from Illinois. He initially denied leaving the district. However, after further questioning, Mr. Kettles admitted that he left the Middle District of Tennessee with Shana his girlfriend so that she could visit her children. He went on to describe the deplorable conditions the children were living in and how, "sad" it was. He provided a phone number for Shana, which was not her true number. Mr. Kettles reluctantly provided the true phone number for Shana. Shana was telephoned and a message was left for her to return my call.

After Mr. Kettles left the probation office, Shana returned the phone call to me and stated that her friend gave the offender her phone number and she, "barely know[s] him." She stated that she did not drive him to Illinois or anywhere else.

On August 20, 2014, Mr. Kettles denied knowing anything about the background of Vedo, (later identified as Vedo Loftis). He was specifically asked if Vedo was a convicted felon or had been to prison. On August 21, 2014, Mr. Kettles admitted that he has known for at least 3 months that Vedo Loftis had been to prison in Florida for a felony conviction.

**3.**         **The defendant shall refrain from any unlawful use of a controlled substance.**

On August 20, 2014, while in the lobby of the probation office the offender admitted that he

smoked marijuana approximately one week earlier. A urine sample was submitted and sent to the lab for confirmation and screening.

**4.**     **The defendant shall work regularly at a lawful occupation, unless excused by the probation officer.**

On August 20, 2014, the offender stated that two months ago he quit his job at Walmart as he was being disrespected by the store manager. He reported working "picking up tires" for a man named, "Vedo" and he is being paid cash under the table. He did not know Vedo's last name, but provided a phone number.

On August 21, 2014, Vedo was contacted and stated that the offender does work for him at the tire shop located at 4630 Lebanon Road, Nashville, Tennessee. When questioned regarding who owns the tire shop and how the offender was being paid, he hung up the phone. I drove to 4630 Lebanon Road, Nashville, Tennessee and observed that the address is an empty store front in an open shopping mall. It doesn't appear to be an automotive tire shop.

Mr. Kettles failed to report this change of employment to the probation office. He reported being paid "under the table" preventing the probation office from verifying he was actually employed on a regular basis.

**5.**

**The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony.**

On August 21, 2014, Vedo was contacted via telephone and he stated he met the offender when they worked at Walmart. Vedo stated his last name was Loftis and he had felony convictions for "various things", including Robbery." He did not elaborate on the other convictions. Mr. Loftis terminated the phone call when I requested to interview him in the community.

On August 21, 2014, Mr. Kettles acknowledged Vedo Loftis had been in prison for felony convictions in Florida. He admitted that he has known this information for at least 3 months. Mr. Kettles did not request permission to associate with Vedo Loftis.

**6.**     **The defendant shall not commit another federal, state, or local crime.**

**On September 15, 2014, the offender while on bond from his initial appearance on the original summons for this case, was arrested, by Nashville Metropolitan Police officers for Counterfeit Controlled Substance- E Felony and Evidence Tampering-C Felony.**

**The Madison Crime Suppression Unit encountered the Mr. Kettles at the La Quinta Inn at 120 Cartwright Street, Goodlettsville, TN 37072. The offender had answered an advertisement posted on www.backpage.com, which is a site commonly used to solicit prostitution. Mr. Kettles sent various text messages to a confidential informant inquiring about sex services for money. Mr. Kettles stated during this text conversation he could bring the informant "molly", "coc," and "weed." These are the street names for ecstasy, cocaine, and marijuana.**

**The defendant arrived at the hotel and was directed to room 146 by the informant. After entering the room he was observed reaching deep into his pants to retrieve a small bag. The offender showed the bag to the informant and stated it was "molly" in the bag. At this point he was taken into custody and advised of his Miranda rights. Mr. Kettles stated the substance he brought was not "molly" and further stated he does this all the time and that's how he makes money. He became nervous when the informant went into the bathroom so he ate the substance claiming it was salt.**

Mr. Kettles was also issued a citation for Soliciting for Prostitution. According to the arresting officer, Mr. Kettles stated he frequently contacts prostitutes and offers large quantities of illicit drugs in exchange for sex and cash. He then stated to the officer that he just never returns with the drugs.

7.

**The defendant shall notify the probation officer within 72 hours of being arrested.**

On September 15, 2014, the defendant was charged with Counterfeit Controlled Substances, Evidence Tampering, and Solicitation for Prostitution. On September 17, 2014, the offender contacted this officer and stated he was beat up by the police which resulted in his hospitalization. He was specifically asked if he was charged with a crime or arrested. Mr. Kettles denied being arrested or charged with any crimes. After his release from custody he has failed to contact his probation officer to report his arrest.

**Compliance with Supervision Conditions and Prior Interventions:**
Brittan Kettles began his term of supervised release on May 28, 2013, and is scheduled to terminate supervision on May 27, 2016. He is unemployed and reports residing with his mother in Hermitage, Tennessee.

When it was learned the offender violated the conditions of supervision, an extensive interview was conducted with him emphasizing the importance of being honest with the probation office. He was counseled that dishonesty would only bring more attention to his case and honesty is the foundation for successfully completing supervision. He was given ample opportunity to be honest and he chose to continue being untruthful.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
A summons is requested to show cause why Mr. Kettles' supervision should not be revoked. Given that Mr. Kettles has violated numerous conditions of his term of supervised release, it is recommended that supervision be revoked. This matter has been reported to the U.S. Attorney's Office and, they concur with the recommendation.

Approved: _____

Jim Perdue, Deputy Chief
U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. BRITTAN KETTLES, CASE NO. 3:11-00211

**GRADE OF VIOLATION:**      **B**
**CRIMINAL HISTORY:**      **III**

**ORIGINAL OFFENSE DATE:**      **POST APRIL 30, 2003**      **PROTECT ACT PROVISIONS**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | **2 years (Class C Felony)** *18 U.S.C. § 3583(e)(3)* | **5-14 months** *U.S.S.G. § 7B1.4(a)* | **14 months** |
| SUPERVISED RELEASE: | **3 years less any term of imprisonment** *18 U.S.C. § 3583(h)* | **1-3 years** *U.S.S.G. § 5D1.2(a)(2)* | **22 months** |

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

## Justification

It is respectfully recommended that supervision be revoked and Mr. Kettles be incarcerated for a term of 14 months to be followed by a term of 22 months' of supervised release. It appears the Mr. Kettles does not take his supervised release as a serious matter and due to his failure to be honest his activities in the community cannot be verified. He was arrested for felony offenses while on bond and failed to notify his supervising officer of the arrest. Since Mr. Kettles has continued to be deceitful with the probation office it is believed a period of incarceration at the high end of the range of the recommended guideline range will provide for sufficient punishment. It is hopeful that during his subsequent release on supervised release he will abide by the conditions of supervision and work with the probation office to improve his chances for success in the community.

Respectfully Submitted,

Jim Perdue,
Deputy Chief U.S. Probation Officer